# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☒ INFORMATION    ☐ INDICTMENT    ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

27 U.S.C. § 205(c) - Commercial Bribery

☐ Petty
☐ Minor
☒ Misdemeanor
☐ Felony

PENALTY:
1 Year Imprisonment;
1 Year Supervised Release;
$100,000 Fine; and
$25 Special Assessment

**DEFENDANT - U.S**
▶ BRYAN BARNES

**DISTRICT COURT NUMBER**
4:25-cr-00052-MAG

**FILED**
Feb 25 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
SoEun Pipal, IRS-Criminal Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY    ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Martha A. Boersch, Acting
☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Colin Sampson

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS    ☒ NO PROCESS*    ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

MARTHA A. BOERSCH (CABN 126569)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

FILED

Feb 25 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:25-cr-00052-MAG |
| Plaintiff, | VIOLATION: 27 U.S.C. § 205(c) – Commercial Bribery |
| v. | |
| BRYAN BARNES, | OAKLAND VENUE |
| Defendant. | |

I N F O R M A T I O N

The Attorney for the United States charges:

At all times relevant to this Information, unless otherwise indicated, and with all dates being approximate and all date ranges both approximate and inclusive:

The Federal Alcohol Administration Act ("FAA") and Regulations

1.  After the ratification of the Twenty-First Amendment to the United States Constitution in 1933, the retail sale and consumption of alcoholic beverages became legal again in the United States. The Twenty-First Amendment authorized states to institute laws to control the production, distribution, and sale of alcoholic beverages within their borders. Many states, including California, opted for a so-called "three-tier system" consisting of: alcohol beverage suppliers or importers ("suppliers"); distributors; and retailers.

INFORMATION                                                       1

2. Congress passed the FAA in 1935. The Alcohol and Tobacco Tax and Trade Bureau ("TTB") was created in January of 2003, when the Bureau of Alcohol, Tobacco and Firearms was reorganized under the Homeland Security Act of 2002. TTB is a bureau of the United States Department of the Treasury which, among other things, regulates alcohol beverage Industry Members and collects federal excise taxes.

3. The State of California's Alcoholic Beverage Control ("ABC") issues licenses to alcohol beverage suppliers, importers, warehousers, and wholesalers of alcohol beverages, among other categories.

4. TTB issues permits to alcohol beverage wholesalers, importers, and suppliers, among other industry members.

5. A subset of regulations administered by TTB, known as the "trade practice regulations," prohibit members of the alcohol beverage industry from, among other things, engaging in certain marketing practices which threaten the independence of retailers and/or unfairly advantages that industry member over their competitors. These trade practice regulations prohibit activities that, directly or indirectly, effect control over a trade buyer (a wholesaler or retailer of alcohol beverages) by causing them to purchase less of a competing product or puts the independence of a retailer at risk, including "commercial bribery," a practice involving an industry member offering a bribe to a "trade buyer" (such as a wholesaler or retailer) to sell or promote a certain product to the detriment and exclusion of competing products.

6. Under the trade practice regulations administered by TTB, alcohol beverage distributors and alcohol beverage retailers are considered "trade buyers."

Introductory Allegations

7. DISTRIBUTOR-1 was a large national distributor and wholesaler of alcohol beverages for on-premises consumption, such as restaurants and bars, and off-premises consumption, such as grocery or liquor stores. At all times relevant to this Information, DISTRIBUTOR-1 was licensed by the State of California as an importer of beer, wine, and distilled spirits, and a wholesaler of the same. DISTRIBUTOR-1 also possessed one or more valid wholesaler permits from TTB, among other

permits. DISTRIBUTOR-1 maintained several offices in California, including in the Northern District of California. For purposes of the FAA and its Regulations, DISTRIBUTOR-1 is a trade buyer.

8. BRYAN BARNES was a sales executive employed by an alcohol beverage supplier identified as SUPPLIER-1. DISTRIBUTOR-1 distributed SUPPLIER-1's alcohol beverage brands in California. BARNES' responsibilities included meeting with employees of DISTRIBUTOR-1 and employees of alcohol beverage retailers, including a large national grocery chain identified as RETAILER-1.

9. INDIVIDUAL-1 was a resident of California. From March 2015 until approximately June 2024, INDIVIDUAL-1 was an alcohol beverage buyer for more than 100 Southern California stores of RETAILER-1. For purposes of the FAA and its Regulations, RETAILER-1 is an alcohol beverage retailer.

10. RETAILER-1's policies prohibited employees from making decisions where their personal financial interests, among other things, created a conflict of interest with the company. RETAILER-1 required supervisory approval of an employee's receipt of gifts and receipt of other valuable items or experiences from outside entities doing business with RETAILER-1. RETAILER-1's employee handbook required employees to report company policy violations to the company.

11. INDIVIDUAL-2 was an employee of DISTRIBUTOR-1 based in Southern California. From approximately 2020 onward, INDIVIDUAL-2 was DISTRIBUTOR-1's Vice President of its Chains Division, responsible for sales to large chain retailers, including RETAILER-1. One of INDIVIDUAL-2's responsibilities was to act as a point of contact and liaison with alcohol beverage buyers from RETAILER -1, including INDIVIDUAL-1 and others.

12. VENDOR-2 was a company registered in California since on or about December 18, 2017. VENDOR-2 provided services as an approved vendor of DISTRIBUTOR-1. VENDOR-2 billed DISTRIBUTOR-1, and later SUPPLIER-1. In many instances, invoices issued by VENDOR-2 to DISTRIBUTOR-1 required approval of the invoice from the alcohol beverage supplier prior to approval for payment. VENDOR-2 typically charged a 10% fee for its services, which included purchases of prepaid gift cards, events and retreats, and holding "travel funds" earmarked for the personal use, among other things, of employees of DISTRUBUTOR-1 and SUPPLIER-1.

INFORMATION                                3

COUNT ONE: (27 U.S.C. § 205(c) – Commercial Bribery)

13. Paragraphs 1 through 12 above are incorporated and realleged as if fully set forth here.

14. From at least on or about July 1, 2018, until at least on or about May 1, 2023, in the Northern District of California, and elsewhere, the defendant,

BRYAN BARNES,

a resident of Hermosa Beach, California, did willfully and knowingly make and cause an inducement to a trade buyer through bribes affecting interstate commerce, specifically, by providing on behalf of SUPPLIER-1, directly and through employees of DISTRIBUTOR-1, including INDIVIDUAL-2, thousands of dollars prepaid gift cards procured by VENDOR-2 to an alcohol beverage retailer, specifically INDIVIDUAL-1, thereby placing RETAILER-1's independence at risk and causing exclusion of SUPPLIER-1's competitors' products.

All in violation of Title 27, United States Code, Section 205(c).

MARTHA A. BOERSCH
Attorney for the United States

Dated: February 25, 2025.

*/s/ Colin Sampson*
COLIN C. SAMPSON
ALEXANDRA SHEPARD
Assistant United States Attorneys

INFORMATION                4